# IN THE COURT OF APPEALS OF IOWA

No. 15-1333
Filed October 12, 2016

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**MATTHEW AUGUST THIEL,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Kevin A. Parker, District Associate Judge.

Defendant appeals his conviction for operating while intoxicated, second offense. **AFFIRMED.**

Nathan A. Russell of Elveson Vasey Law Firm, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Matthew Thiel appeals his conviction for operating while intoxicated, second offense. We find Thiel has not preserved error on his claim of a prolonged warrantless detention without probable cause. Even if error had been preserved, the articulable facts and circumstances justified a brief detention of Thiel for further investigation of whether he had been operating while intoxicated. We affirm the court's decision denying Thiel's motion to suppress and affirm his conviction.

## I. Background Facts & Proceedings

On August 8, 2014, at about 11:00 p.m., Thiel was driving his motorcycle on East Grand Avenue when an SUV backed out of a driveway directly into his path and he collided with it. The incident was observed by Officers Rodell Nydam and Scott Neely, who were on foot patrol at the Iowa State Fair. In speaking to Thiel, the officers noticed he appeared to be intoxicated. Thiel received abrasions to his arm and broke his thumb; he did not hit his head.

Officer Andrew Wierck responded to the scene in a patrol car. Officer Wierck noticed Thiel had bloodshot, watery eyes; slurred speech; unsteady balance; and an odor of an alcoholic beverage. Thiel stated he "had a couple of beers at the fair" earlier in the evening. Thiel refused to participate in field sobriety tests or take a preliminary breath test (PBT). He was arrested and transported to the police station. Thiel was charged with operating while intoxicated, second offense, in violation of Iowa Code section 321J.2 (2013), an aggravated misdemeanor.

Thiel filed a motion to suppress, claiming the invocation of implied consent was without probable cause or reasonable suspicion. The court denied the motion to suppress, finding due to "[t]he defendant's driving (struck a vehicle – slow reaction time), odor of alcohol, bloodshot and watery eyes, unsteady balance, and admission of beer consumption, Officer Wierck had cause to invoke implied consent." The case proceeded to a jury trial, and Thiel was found guilty.

Thiel now appeals the ruling on his motion to suppress.

## II. Standard of Review

The standard of review of the constitutional issues raised in a motion to suppress is de novo. *See State v. Breuer*, 808 N.W.2d 195, 197 (Iowa 2012).

## III. Discussion

Thiel claims the court should have granted his motion to suppress because the State failed to tender specific and articulable facts supporting his prolonged warrantless detention. He states the court improperly considered only whether Officer Wierck had probable cause to invoke implied consent. Thiel states he was detained for about fifteen minutes[1] while Officers Nydam and Neely waited for Officer Wierck to arrive at the scene and claims this detention was without probable cause.

The State claims Thiel failed to preserve error on his argument regarding the detention time as it was not raised at the suppression hearing. At the hearing, the prosecutor stated, "the only issue at play here is whether or not

---

[1] As Officers Nydam and Neely were on foot patrol and did not have the necessary equipment and documents to conduct the investigation, so Officer Wierck was called. Also, Officers Nydam and Neely were required to return to traffic direction and other tasks related to foot patrol at the fair.

Officer Wierck had reasonable grounds to invoke a PBT and invoke implied consent." Defense counsel agreed, stating, "That's correct, Your Honor." The court's ruling on the motion to suppress does not address the time Thiel waited until Officer Wierck came to the scene. Thiel did not file a motion pursuant to Iowa Rule of Civil Procedure 1.904(2).

We conclude Thiel has not preserved error on his claim of a prolonged warrantless detention without probable cause. *See State v. Jefferson*, 574 N.W.2d 268, 278 (Iowa 1997) (noting "issues must be presented to and passed upon by the district court before they can be raised on appeal"). We do not address issues where error has not been preserved. *State v. Lawler*, 571 N.W.2d 486, 491 (Iowa 1997).

Furthermore, even if error had been preserved, "reasonable suspicion of a crime allows a peace officer to stop and briefly detain a person to conduct a further investigation." *State v. McIver*, 858 N.W.2d 699, 702 (Iowa 2015). At the trial, Officer Nydam testified Thiel smelled of alcohol and had bloodshot eyes. Officer Neely stated Thiel was unsteady, smelled like he had been drinking an alcoholic beverage, and was slurring his words. Both officers testified Thiel appeared to be intoxicated. We conclude the articulable facts and circumstances justified a brief detention of Thiel for further investigation of whether he had been operating while intoxicated. *See id.*

We affirm the decision of the district court denying Thiel's motion to suppress and affirm Thiel's conviction.

**AFFIRMED.**